**UNITED STATES of America**

v.

**Frederick SCHIAVO.**

**Crim. No. 73–302.**

United States District Court,
E. D. Pennsylvania.

May 14, 1974.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Irving L. Madnick, Philadelphia, Pa., for defendant.

## MEMORANDUM

DITTER, District Judge.

This case comes before the Court on post-trial motions by a defendant convicted of making two false declarations before a grand jury.[1]

On August 7, 1972, Martin Alan Hess was killed when a bomb in his car exploded. Hess had given Federal authorities information about counterfeiting and drug smuggling, and was a potential Government witness in certain prosecutions. On February 2, 1973, Charles Grubert, a special agent for the FBI, received a telephone call from Frederick Schiavo, the defendant here. In the course of the conversation, Schiavo said he had information concerning the murder of Hess, and would provide this information to the Government in return

---

1. 18 U.S.C. § 1623 provides inter alia:

   (a) Whoever under oath in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.

   .     .     .     .     .

for the FBI's help in another, unrelated matter.

John Floria, a man not unfamiliar with the law, knew the defendant from their boyhood days in South Philadelphia. Since Labor Day of 1971, Floria had seen the defendant at least a dozen times in Atlantic City, at the Marriott Hotel outside Philadelphia, and at a private home in Philadelphia. On several of the occasions when the defendant, Floria, and others were present, discussions concerning the murder of Martin Hess took place.

On April 27, 1973, Lois Tanner appeared before a federal grand jury which was investigating the death of Martin Hess. While she waited outside the jury chambers, the defendant, with whom she had not previously been acquainted, was seated next to her. During the course of a casual conversation, the defendant told Mrs. Tanner that he had known John Floria for about 14 years and had seen him in recent months. He related other facts about Floria, which Mrs. Tanner knew to be true.[2]

When the defendant was called to testify before the jury that same day, April 27, 1973, he was asked: (1) whether he had told Agent Grubert he had information concerning the murder of Hess, and (2) whether he knew an individual by the name of John Floria. He denied both. It was on the basis of these statements that Schiavo was convicted under 18 U.S.C. § 1623 for making false declarations before the grand jury.

▮ Schiavo first contends that even if he was untruthful when he denied making the phone call to Special Agent Grubert, his conviction on this charge must be set aside because this testimony was not material to the grand jury's investigation. There is no merit in this assertion. Materiality is tested as of the time the investigation was being made, that is, when the defendant appeared before the grand jury. False testimony is material if it has a natural tendency to influence the grand jury in its investigation, and there is no need to prove the perjured testimony actually impeded the jury's work. The false testimony need not be directed to the primary subject of the investigation, it is material if it is relevant to any subsidiary issue under consideration by the tribunal. United States v. Lococo, 450 F. 2d 1196, 1199 (9th Cir. 1971), cert. denied 406 U.S. 945, 92 S.Ct. 2040, 32 L. Ed.2d 331 (1972). Here, the grand jury was interested in sources of information about Hess' murder. Had Schiavo admitted the phone call to Special Agent Grubert, the grand jury could have pursued the extent of his knowledge. Had Schiavo admitted the conversation with Grubert, but denied the fact of knowledge, the grand jury would have been interested in why he had brought up a subject about which he had no information. Had the grand jury then believed Schiavo, doubt would have been thrown on the credibility of at least one other witness, Floria, thus aiding, impeding, or influencing the investigatory process. Whether Schiavo confirmed, clarified, or contradicted other witnesses, what he had to say was plainly material.

▮ In further support of his motion for a new trial, Schiavo contends I committed error in refusing to grant a continuance or, in the alternative, a mistrial because of prejudicial publicity that occurred before and during the trial. Being aware of the publicity that appeared in connection with the Martin Hess murder, I conducted an extensive voir dire of the entire panel to find if any venireman recalled the event. In addition, I instructed the jury at the close of each day's session not to listen to, read about, or participate in any discussion concerning this case. Each morning I questioned each juror individually as to whether my instructions had been obeyed. In every instance the response showed my admonitions had been

---

2. Florida testified at trial that he had known Mrs. Tanner since 1970. This was confirmed by Mrs. Tanner.

followed. Although better cooperation by certain members of the press during the trial would have been desirable, there is absolutely no indication that any member of the jury was aware of news stories concerning either the trial or related matters. See United States v. Addonizio, 313 F.Supp. 486, 493–494, aff'd 451 F.2d 49, 60–61 (3rd Cir. 1972), cert. denied 405 U.S. 936, 92 S. Ct. 949, 30 L.Ed.2d 812, rehearing denied 405 U.S. 1048, 92 S.Ct. 1309, 31 L. Ed.2d 591 (1972). Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L. Ed.2d 663 (1963); Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); United States ex rel. Doggett v. Yeager, 472 F.2d 229 (3rd Cir. 1973). Thus, defendant's argument is without merit.

■■ The defendant's other reasons require little comment. First, it is alleged the Court erred in permitting testimony that defendant participated in the planning of Martin Hess' murder. However, there was no such evidence. To the contrary, the witness, Floria, stated that Schiavo was present when others discussed killing Hess, but there was nothing to indicate any participation by defendant in these conversations. Secondly, Schiavo asserts a new trial should be granted because the secrecy of the grand jury proceedings was not maintained as required by F.R.Cr.P. 6(a). It is only speculation that such a breach did occur, but if disclosure of grand jury evidence be assumed, it would seem to have been an adjunct of the prosecutor's investigation of the truth or falsity of Schiavo's testimony. Even if there was improper disclosure, the remedy should not be to reward Schiavo with a new trial, but to punish the offending party in a contempt proceeding. See United States v. Hoffa, 349 F.2d 20, 43 (6th Cir. 1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), rehearing denied, 386 U.S. 940, 951, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967).

In summary, none of the defendant's reasons are sufficient to warrant a new trial or a judgment of acquittal. Accordingly, his post-trial motions must be refused.