Raymond J. DONOVAN, et al.

v.

Lawrence A. SMITH, et al.

Civ. A. No. 82–1325.

United States District Court,
E.D. Pennsylvania.

Dec. 6, 1982.

Marshall H. Harris, Regional Sol., Dept. of Labor, Philadelphia, Pa., Virginia C. Smith, U.S. Dept. of Labor, Plan Benefits Sec. Div., Washington, D.C., for plaintiff.

Joel Harvey Slomsky, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

On March 23, 1982, plaintiff filed this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* alleging serious breaches of fiduciary duty by the defendant trustees and service providers of four employee benefit plans.[1]

In approximately 1977, a U.S. Department of Justice Strike Force commenced a grand jury investigation of alleged criminal activities involving some of the same defendants. This grand jury investigation continued in Philadelphia until February 23, 1982 when it was transferred to a United States grand jury for the District of New Jersey, empanelled at Camden. The Strike Force investigation of the same parties and severance funds is now continuing under the auspices of the New Jersey Federal Strike Force.

Defendants allege that the civil ERISA charges forming the basis of this lawsuit were a product of a violation of grand jury secrecy as codified in Rule 6(e), Fed.R. Crim.P. In order to establish this defense, defendants have taken the depositions of various people employed by the U.S. Department of Labor and the U.S. Department of Justice Strike Force. A notice of deposition was also served on Sherwin S. Kaplan, Esquire, lead trial attorney for the Department of Labor in this action. Plaintiff has moved for a protective order to prevent defendants from taking Mr. Kaplan's deposition. The motion will be granted.

---

1. Subsequently, on October 6, 1982, plaintiff amended his complaint to add four additional employee benefit plans as additional defendants as well as certain plan trustees whose identities were previously unknown to plaintiff.

**390**

## DISCUSSION

There is no dispute between the parties that plaintiff's attorneys could not receive grand jury material without first obtaining a court order pursuant to Rule 6(e)(3)(C)(i).[2] Contentions diverge, however, on whether investigators in the civil case did, in fact, receive or improperly obtain any such evidence which culminated in the initiation of this law suit. Because it is settled federal policy that the grand jury system requires secrecy of grand jury proceedings, *In Re Grand Jury Matter (Catania)*, 682 F.2d 61, 63 (3d Cir.1982), the court held an *in camera* proceeding on November 5, 1982. During this proceeding, members of the Strike Force answered questions submitted to the court by defense counsel regarding their knowledge and participation in the criminal investigation and the civil law suit. Thereafter, Mr. Kaplan separately answered questions submitted by defense counsel regarding his use or possible use of grand jury material.

▮ Based on the answers to these questions and others initiated by the court, I am satisfied of the Government's good faith in conducting the grand jury investigation and in the good faith of the attorneys involved in this civil action. *See In Re Grand Jury Subpoenas, April, 1978, Etc.*, 581 F.2d 1103, 1106 (4th Cir.1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979). Where improper disclosure of grand jury material occurs, either a contempt proceeding, *see United States v. Proctor & Gamble*, 356 U.S. 677, 680, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *United States v. Schiavo*, 375 F.Supp. 475, 478 (E.D.Pa.1974), *aff'd* 506 F.2d 1053 (3d Cir. 1974), or a motion to suppress is an appropriate remedy. *See In Re Grand Jury Investigation No. 78–184*, 642 F.2d 1184, 1188 (9th Cir.1981), *cert. granted, sub nom. United States v. Sells, Inc.*, —— U.S. ——, 102 S.Ct. 2034, 72 L.Ed.2d 483 (1982). Dismissal of the civil action is usually unwarranted.

Finally, in view of Mr. Kaplan's position as lead trial attorney, intrusion into his knowledge regarding the prosecution of this action will not be allowed in view of the court's inquiry and findings herein.

An appropriate order follows.

---

2. In fact, plaintiff previously sought a 6(e) order from Judge Ditter who refused to issue one.