**William E. BROCK, Secretary of the United States Department of Labor, Plaintiff,**

v.

**Frank GERACE, et al., Defendants.**

**Civ. No. 85–3669.**

United States District Court,
D. New Jersey
Camden Vicinage Division.

March 6, 1986.

Frederick M. Morgan, Jr. (argued), John R. Tyler, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for plaintiff.

Robert E. Andrews (argued), John A. Miller, Kenney & Kearney, Cherry Hill, N.J., for defendant Lawrence A. Smith.

OPINION

JEROME B. SIMANDLE, United States Magistrate:

Presently before the court is the motion [1] by plaintiff to declare additional objections

---

**1.** Companion motions by plaintiff pertaining to this same discovery were decided in the court's

or assertions of privilege by defendant Lawrence Smith in response to interrogatories and document production requests to be waived, including the Fifth Amendment privilege. The issue to be decided is whether a party's Fifth Amendment rights are preserved for later assertion when his attorney represents that the party intends to assert the privilege against self-incrimination if his then-pending general objection to discovery on other grounds is overruled, but does not serve Fifth Amendment objections within the time for response to discovery as established by court order. For the reasons which follow, the court holds that defendant Smith has not lost his right to assert his Fifth Amendment privilege, although all other objections and privileges are deemed waived and a deadline will be set which compels defendant Smith to respond to the subject interrogatories and document requests, by answering or by asserting his Fifth Amendment privilege against self-incrimination.

## I. PROCEDURAL HISTORY

The background of this motion is set forth in the January 15, 1986 Opinion, *supra,* and amplified below. This case was filed by the Secretary of Labor on July 25, 1985 in a complaint naming 41 defendants, including Lawrence A. Smith. The complaint was served on defendant Smith on or about July 26, 1985. The complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.,* against the trustees and certain service providers of a dental plan

Opinion and Order filed January 15, 1986, which granted plaintiff's motion to strike defendant's objection to providing this discovery based upon defendant's claim that the discovery requests were tainted by the use of prior Grand Jury material [hereinafter the "taint objection"], and which denied imposition of sanctions against defendant Smith under Rules 26(g) and 37(d), Fed.R.Civ.P.

The court required supplemental briefing of this remaining motion, and a hearing was held on February 7, 1986.

**2.** The First Scheduling Order, entered pursuant to Rule 16(b), Fed.R.Civ.P., filed October 25, 1985, provided:

operated on behalf of the Hotel Employees and Restaurant Employees International Union Local 54. The Secretary alleges that the trustees breached their fiduciary duties under § 404 of ERISA, 29 U.S.C. § 1104 and that the non-fiduciary defendants, including defendant Smith, "knowingly participated" in the trustees' breach of their fiduciary duties under ERISA.

Plaintiff served interrogatories and a request for production of documents upon defendant Smith on August 15, 1985. Defendant Smith failed to answer or object within the period provided by Fed.R.Civ.P., Rule 33(a) [with respect to interrogatories] and Rule 34(b) [with respect to production of documents].

On September 16, 1985, defendant Smith filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), which has not yet been decided, but that motion is not relevant to the present discovery dispute.

On October 3, 1985, plaintiff filed a motion for sanctions and costs against defendant Smith (and several other defendants) for failure to make discovery. This motion was heard at the Scheduling Conference in this case on October 22, 1985. The court denied plaintiff's motion for discovery sanctions, but ordered defendant Smith to serve responses to plaintiff's document requests and interrogatories not later than November 1, 1985.

This directive was given orally at the October 22 conference and set forth in two written orders.[2]

That defendants shall serve responses to all discovery requests that were outstanding on October 1, 1985 not later than November 1, 1985, except that the second set of such requests shall be responded to not later than November 15, 1985.
[*Id.* ¶ 3(A).]

The directive was secondly set forth in the ⌐rder filed November 7, 1985, pursuant to Rule 3/(a), memorializing the October 22 decision to deny sanctions but compel responses, which provided that it was:

ORDERED that plaintiff's motion for discovery sanctions be and hereby is DENIED, but these defendants [including Smith] shall serve responses to plaintiff's document re-

The motion for sanctions was denied in part because defendant Smith's counsel (Kenney & Kearney) had not entered an appearance until September 18, 1985 and had been unable to meet with their client, defendant Smith, until October 1, 1985. [See Affidavit of John A. Miller, Esquire, October 14, 1985, at ¶ 10.] The court relied upon Mr. Miller's representation that he needed a reasonable additional period of time to gather information to respond to the interrogatories and document requests. Mr. Miller's Affidavit stated on October 14 at ¶ 10:

> On October 1, 1985, I met with Lawrence Smith and representatives of Eastern States. On that date, I finally received a copy of the Interrogatories and document requests which had been served upon Mr. Smith. At that time, I was advised by Mr. Smith and representatives of Eastern States that many of the documents requested in the discovery materials had previously been produced for the Grand Jury, the Senate and other investigating bodies. Accordingly, I learned that *responding to the discovery served upon Smith and Eastern States would be hampered by the fact that many original documents were still in the possession of these investigating bodies.* [Emphasis added.]

The court accepted defendant Smith's position and extended the time for completing these tasks until November 1, 1985.

Responses were served on behalf of Mr. Smith on November 1, 1985. No answers were given; no documents were produced. Mr. Smith had left one interrogatory blank, and responded to the other nine interrogatories, and all fourteen document requests, by stating the following:

> quests and interrogatories not later than November 1, 1985.
> Although this second Order was filed after the November 1, 1985 date for serving responses, there is no dispute that it accurately set forth the October 22 decision on plaintiff's motion.

**3.** The "taint objection" derives from *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and Rule 6(e), Fed.R.Crim.P. Similar claims have previously been made by defendant Smith in a crimi-

> I object to this request because it is derived from Grand Jury investigations utilized in this case and to gather facts related to this case.

No Fifth Amendment privilege against self-incrimination was claimed in the November 1, 1985 responses. Only the "taint objection" was asserted.[3]

The situation regarding the Fifth Amendment privilege is beclouded, however, by the fact that on the prior day, October 31, 1985, Mr. Miller wrote a letter to Mr. Tyler to inform him that Smith would respond to the discovery by invoking his Fifth Amendment privilege, stating:

> Pursuant to the terms of the First Scheduling Order, we will soon be furnishing answers to Interrogatories and a response to the Request for Production of Documents served upon Lawrence Smith.
>
> We have reviewed the above discovery requests with Mr. Smith. By way of response, Mr. Smith has decided to invoke his privilege against self-incrimination pursuant to the Fifth Amendment of the United States Constitution.

[Letter of John Miller, Esquire, dated October 31, 1985 at Ex. J of Plaintiff's Brief.] The present controversy arises from the fact that, when the responses were actually served over Smith's signature on November 1, there was no Fifth Amendment privilege claimed; only the taint objection was raised.

Mr. Miller later wrote to Mr. Tyler regarding defendant Smith's position, indicating that the November 1 objection asserted that "there is an improper basis for this discovery" because "the plaintiff's discovery requests were initiated through ac-

nal case, *United States v. Smith,* 580 F.Supp. 1418 (D.N.J.1984) [holding that federal prosecution was untainted by use of defendant's immunized testimony before a state investigative agency, under *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972) ], and in a civil case, *Donovan v. Smith,* 552 F.Supp. 389 (E.D.Pa.1982) [finding that civil proceeding was untainted by any use of grand jury evidence].

cess to Grand Jury materials." [Letter of John Miller, Esquire, dated November 19, 1985, at Ex. L of Plaintiff's Brief.] Mr. Miller attempted to preserve Mr. Smith's right to invoke the Fifth Amendment in a future response to these requests if the taint objection were overruled, stating in the same letter:

> If and when it is demonstrated or determined that there is a proper basis for the plaintiff's discovery requests, Mr. Smith intends to respond to the same by invoking his privilege against self-incrimination pursuant to the Fifth Amendment of the United States Constitution. This was confirmed during our conversation of November 7 as well as my letter of October 31. Mr. Smith's objection to the basis for plaintiff's discovery request is in no way intended to waive his right to invoke the Fifth Amendment at such time as the discovery is deemed proper.

Mr. Miller also filed his Affidavit dated December 5, 1985, which confirmed that "Mr. Smith would not assert the Fifth Amendment privilege until such time as a determination has been made that there was a proper basis for the [discovery] request."

Plaintiff's motion seeks a determination that defendant's Fifth Amendment privilege has been waived or lost through non-assertion within the period required by the previous court Orders compelling responses by November 1, 1985.

## II. DISCUSSION OF LAW

The issue presented is whether the defendant, who served a timely but non-meritorious objection to providing the requested discovery on the basis that the discovery requests were tainted, and whose counsel contemporaneously indicated an intention to assert a Fifth Amendment privilege in the future in response to each discovery request if the taint objection were overruled, has waived or lost his right to refuse to provide discovery on Fifth Amendment grounds.

The Fifth Amendment affords protection to a witness equally in a civil or criminal proceeding. *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973); *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924). Privileged information, even if highly relevant, is non-discoverable in a civil proceeding under Rule 26(b), Fed.R.Civ.P. The Fifth Amendment protects a witness from being compelled to disclose information that he reasonably believes might be used against him as an accused in a criminal prosecution. *Hoffman v. United States*, 341 U.S. 479, 489, 71 S.Ct. 814, 819, 95 L.Ed. 1118 (1951); *Maness v. Meyers*, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975).

A civil litigant may object to depositions or interrogatories directed against him where the answers might incriminate him in a criminal case, *DeVita v. Sills*, 422 F.2d 1172, 1178 (3d Cir.1970) [citations omitted]. Such an objection, like any claim of privilege, must be set forth in a timely manner. A blanket invocation of the Fifth Amendment privilege is not permitted; it must instead be asserted on a question-by-question basis so that the propriety of invoking the privilege can be tested against specific circumstances or questions. *National Life Insurance Co. v. Hartford Accident & Indemnity Co.*, 615 F.2d 595, 599 (3d Cir.1980).

A party failing to serve an objection to interrogatories within the time required by Rule 33, in the absence of good cause or of an extension of time to do so, generally waives the right to later raise objections. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir.1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978); *United States v. 58.16 Acres*, 66 F.R.D. 570, 572 (N.D.Ill.1975).

The Fifth Amendment privilege can itself be lost by not asserting it in a timely fashion," *Maness v. Meyers, supra*, 419 U.S. at 466, 95 S.Ct. at 595 [dictum]. The Court held that in a civil proceeding a lawyer may not be held in contempt for counseling a witness in good faith to refuse to

produce court-ordered materials on the ground that the materials may tend to incriminate the witness in another proceeding. *Id.* at 465, 95 S.Ct. at 594–95. In reaching this result, the Court stated, as follows:

> The privilege against compelled self-incrimination would be drained of its meaning if counsel, being lawfully present [footnote omitted], as here, could be penalized for advising his client in good faith to assert it. The assertion of a testimonial privilege, as of many other rights, often depends upon legal advice from someone who is trained and skilled in the subject matter, and who may offer a more objective opinion. A layman may not be aware of the precise scope, the nuances, and boundaries of his Fifth Amendment privilege [footnote omitted]. It is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion.

*Id.* at 465–466, 95 S.Ct. at 594–95.

■ The party in civil litigation who claims a privilege has the burden of establishing the existence of the privilege. *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 25 (9th Cir.1981); *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88 (D.Del.1974); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1161 (D.S.C.1975); *see* 8 Wright & Miller, *Federal Practice and Procedure* § 2016 at 126. The defendant in this civil proceeding thus also has the burden of establishing non-waiver of the privilege. *Id.* The intent to waive one's privilege need not be shown, because such a waiver may occur in the absence of intent. *In re Grand Jury Investigation of Ocean Transportation*, 604 F.2d 672, 675 (D.C.Cir.1979). As one commentator has stated:

> A privileged person would seldom be found to waive, if his intention not to abandon could alone control the situation.

8 Wigmore, *Evidence* § 2327 at 636 (McNaughton rev. 1961).

The waiver of the privilege against self-incrimination is not "lightly to be inferred," and vague or uncertain evidence will not support a finding of waiver. *Smith v. United States*, 337 U.S. 137, 150, 69 S.Ct. 1000, 1007, 93 L.Ed. 1264 (1949). On the other hand, the privilege against self-incrimination "is deemed waived unless invoked." *United States v. Murdock*, 284 U.S. 141, 148, 52 S.Ct. 63, 64, 76 L.Ed. 210 (1931), *cited in Rogers v. United States*, 340 U.S. 367, 371, 71 S.Ct. 438, 440, 95 L.Ed. 344 (1951).

The defendant, through his attorneys, informally notified plaintiff that he would assert the Fifth Amendment privilege as to each interrogatory and document production request in the event that defendant's "taint" objections were not sustained. This notice was given on October 31, one day before this court's orders required responses. The Fifth Amendment privilege was not squarely "invoked," however, because defendant Smith did not personally invoke the privilege and because it was done as a blanket objection to all questions, rather than with specificity. The issue is whether this effort by defendant's counsel was sufficient to preserve the right to articulate a particularized Fifth Amendment objection after the general "taint" objection had been stricken.

It is something of a mystery why Smith did not invoke the Fifth Amendment privilege in his November 1 discovery responses, in addition to the "taint" objection. In that way, both objections could have come before the court for resolution. On the other hand, it is apparent that defense counsel attempted to place plaintiff on notice in a timely fashion that none of the discovery would be answered, even if the "taint" objection were overruled, because defendant would invoke the Fifth Amendment privilege. If defendant Smith had properly personally invoked his Fifth Amendment privilege as an alternative objection to providing the requested discovery, the Fifth Amendment dispute would have been ripened a few months sooner, at most.

■ It is well recognized that for the court "to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to 'encouraging dilatory tactics.'" *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir.1979), *quoting Cine Forty-Second Street Theatre v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068–69 (2nd Cir.1979). The court must closely examine the litigant's procedural derelictions, even in the invocation of an objection of constitutional dimension, to determine whether the litigant's responsibilities to the forum and to the adversary have been disregarded.

■ In this case, defendant has not disregarded his discovery obligations. Although the Fifth Amendment privilege was not invoked in the manner required by Rules 33(a) and 34(b), there was a clear and timely statement by counsel of the client's refusal to answer in the event that the pending objections were overruled. The defendant's attorney's efforts on October 31 were not well-crafted, to say the least, but did not constitute a refusal to make a timely objection nor a waiver of his client's rights through non-assertion. Defendant was not guilty of the procedural gamesmanship and dilatory tactics that would require a finding of loss of his constitutional protection against self-incrimination, *cf. United States v. Cioffi*, 493 F.2d 1111, 1119 (2nd Cir.), *cert. denied*, 419 U.S. 917, 95 S.Ct. 195, 42 L.Ed.2d 155 (1974), nor has this protection been invoked as an afterthought, *cf. Rogers v. United States, supra*, 340 U.S. at 371, 71 S.Ct. at 441. Timely notice at least was informally given, but the privilege was not properly asserted, under oath and as to each question, while another objection of fundamental concern was being litigated.

In a similar situation of tardy assertion of the Fifth Amendment privilege, the court determined that no prejudice had be-

fallen the adversary or the litigation process, so the tardy objection was permitted and considered. *In re Kave*, 760 F.2d 343, 353 n. 22 (1st Cir.1985) [failure to invoke Fifth Amendment in motion to quash subpoena does not preclude invocation in subsequent civil contempt hearing]. In the present case there is no material prejudice to plaintiff, other than a delay in presentation of such issues for judicial resolution, if necessary. Perhaps because of the beclouded procedural history discussed above, the plaintiff has not relied upon non-assertion of Smith's privilege to plaintiff's detriment.

It is clear that all other objections, such as relevance, burden, and other privileges, have been waived by non-assertion within the time compelled by this court's orders. There has been no attempt to invoke any other privilege within the time compelled by this court's orders, and the opportunity for doing so has been lost. The court must be reluctant, however, to equate the loss of the Fifth Amendment privilege with the loss of other discovery privileges of less fundamental scope.[4] The protection afforded by the Fifth Amendment is fundamental to our system of ordered liberties, *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). As the First Circuit wrote in *In re Kave, supra*, 760 F.2d at 354:

> The privilege against self-incrimination is as broad as is necessary to guard against the mischief from which protection is sought. It is, therefore, not to be interpreted in a hostile or niggardly fashion but rather in a liberal spirit. [Citations omitted.]

In the present case, defendant's counsel failed to set forth, in the manner required by the Federal Rules of Civil Procedure, that the Fifth Amendment privilege was being presently claimed. Counsel chose instead to assert the fundamental objection

---

4. The Supreme Court has distinguished between the assertion of the Fifth Amendment privilege and that of non-constitutional privileges, in *Maness v. Meyers, supra*, 419 U.S. at 461 n. 8, 95 S.Ct. at 592 n. 8, stating: "The constitutional basis for this privilege distinguishes it from other privileges established by state statute or common law such as those arising from the relation of priest and penitent, lawyer and client, physician and patient, and husband and wife."

of taint of the proceedings while also placing plaintiff on notice that the Fifth Amendment claim would also be asserted if the taint objection were stricken. Meanwhile, defendant Smith had, according to the October 31 letter of Mr. Miller, "decided to invoke his privilege against self-incrimination pursuant to the Fifth Amendment," and this fact can not be disregarded as an expedient to enforcing the rules of discovery.

This court cannot separate the lawyer's efforts toward asserting this privilege from the role those efforts were intended to have. The assertion of the Fifth Amendment privilege "often depends upon legal advice from someone who is trained and skilled in the subject matter," *Maness v. Miller, supra,* 419 U.S. at 466, 95 S.Ct. at 595, so the lawyer's role in protecting the client's right to rely upon the Fifth Amendment protection must be invested with due significance.

In conclusion, the court holds that as of November 1, the date when responses were compelled by the court's orders, defendant Smith did not lose his Fifth Amendment rights in this case. To hold otherwise would penalize Smith for his attorney's failure to comply with the letter of the procedural rules in a circumstance where the defendant's tardiness in properly asserting this constitutional privilege has not been shown to have caused undue delay or prejudice.

██ Defendant Smith will be compelled to answer or object to each pending interrogatory and document production request within fourteen (14) days. His response shall be properly certified and served within this period. All objections other than those based upon self-incrimination under the Fifth Amendment have been waived or lost by non-assertion.

██ In order to claim the Fifth Amendment privilege, the defendant will be required to respond [5] to each interrogatory or document production request [6] under circumstances sufficient to demonstrate that a responsive answer could furnish a link in the chain of evidence needed to prosecute him, *Malloy v. Hogan, supra,* or which might lead to other evidence that could possibly be used in a criminal prosecution against Mr. Smith, *Kastigar v. United States, supra,* 406 U.S. at 444–45, 92 S.Ct. at 1656, *citing Hoffman v. United States, supra,* 341 U.S. at 486, 71 S.Ct. at 818, *inter alia.* It will also be defendant Smith's burden to show that an answer could have a real and appreciable tendency to incriminate him, and not one that is remote or fanciful, *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 480, 92 S.Ct. 1670, 1676, 32 L.Ed.2d 234 (1972), although this burden may be met by argument and without evidence.[7]

Because of the opportunity which has been extended to defendant Smith for one last chance to clearly articulate his Fifth Amendment objections, the defendant is hereby placed on notice that failure to timely and properly object will result in the loss of this privilege by non-assertion pursuant to *Maness v. Meyers, supra.*

An appropriate order will be entered.

---

5. Defendant Smith must establish a basis for assertion of the privilege, except he will not be compelled to give facts which could themselves be incriminatory, *de Antonio v. Solomon,* 41 F.R.D. 447 (D.Mass.1966), or otherwise the witness "would be compelled to surrender the very protection which the privilege is designed to guarantee," *National Life Ins. Co. v. Hartford Accident & Indemnity Co., supra,* 615 F.2d at 598, *quoting Hoffman v. United States, supra,* 341 U.S. at 486–87, 71 S.Ct. at 818.

6. The Fifth Amendment privilege must be asserted with respect to each individual question, *National Life Ins. Co. v. Hartford Accident & Indemnity Co., supra,* 615 F.2d at 597–99.

7. *Hoffman v. United States, supra,* 341 U.S. at 486–87, 71 S.Ct. at 818; *United States v. Coffey,* 198 F.2d 438, 440 (3d Cir.1952); see Heidt, *The Conjurer's Circle—The Fifth Amendment Privilege in Civil Cases,* 91 Yale L.J. 1062, 1073 (1982).