46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
A & P ARORA, LTD., and Ajay Arora, Defendants-Appellants.
 No. 93-3390.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a default judgment entered against defendants as a sanction for their failure to comply with discovery orders issued by the district court. Defendants, who declined to appear at the evidentiary hearing on damages, have restricted their appeal to the legal basis for imposition of the sanction. We review the matter solely for an abuse of discretion, Willner v. University of Kan., 848 F.2d 1023, 1030 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989), and affirm for the reasons that follow.
 
 
 3
 The government brought this civil action pursuant to the National Housing Act, 12 U.S.C. 1715z-1, to redress numerous alleged violations of defendants' regulatory agreement with the Department of Housing and Urban Development in connection with a housing project in Kansas City, Kansas. At the same time, defendants were also under criminal investigation in the Western District of Missouri for illegal activities relating to the same project. The overlap between their civil and criminal exposure eventually prompted defendants to resist, on Fifth Amendment grounds, the discovery efforts of the government in the civil case. Because this resistance was untimely, however, the district court ordered defendants to respond fully to the government's requests and, when defendants continued to refuse, ultimately entered default judgment under Fed.R.Civ.P. 37(b)(2)(C).[2]
 
 
 4
 On appeal, defendants argue the Fifth Amendment privilege is qualitatively distinct from other discovery objections and, accordingly, is not subject to waiver simply for untimely assertion under Fed.R.Civ.P. 33(a) and 34(b). There is no clear line of authority on this point. The Supreme Court has stated in another context (and in dicta) that the privilege against self-incrimination may be "lost by not asserting it in a timely fashion," Maness v. Meyers, 419 U.S. 449, 466 (1975), and some courts have indicated the privilege may be waived by untimely assertion in discovery, though considerably longer periods of delay were involved, see, e.g., United States v. Hatchett, 862 F.2d 1249, 1251-52 (6th Cir.1988); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981); Day v. Boston Edison Co., 150 F.R.D. 16, 21-25 (D. Mass.1993).
 
 
 5
 On the other hand, the privilege has a unique, constitutional grounding, see Maness, 419 U.S. at 461 n. 8 ("The constitutional basis for this privilege distinguishes it from other privileges ... such as those arising from the relation of a priest and penitent, lawyer and client, physician and patient, and husband and wife."), which counsels caution in the application of technical waiver principles, see Emspak v. United States, 349 U.S. 190, 195 (1955)("Although the privilege against self-incrimination must be claimed ... [its waiver] is not lightly to be inferred ... [and] cannot properly be [found] ... upon vague and uncertain [grounds]." (citation omitted)). Thus, a number of courts have refused to enforce waiver rules against the privilege solely for untimely assertion in the discovery context. See, e.g., Mueller v. District Court, 610 P.2d 104, 105-06 (Colo.1980)(citing cases); see also Brock v. Gerace, 110 F.R.D. 58, 64 (D.N.J.1986)("all other objections, such as relevance, burden, and other privileges, have been waived by non-assertion within the time [required,] ... [t]he court must be reluctant, however, to equate the loss of the Fifth Amendment privilege with the loss of other discovery privileges of less fundamental scope").
 
 
 6
 We need not resolve this sensitive question here. While valid, viable Fifth Amendment concerns may have been implicated at some stages of this litigation, this appeal does not, ultimately, turn on them. As the events summarized below reveal, the imposition of sanctions on defendants arose out of an inexcusable course of procedural omission that obviates our consideration of the constitutional problem to which defendants would prefer to divert our attention.
 
 
 7
 The government served its first set of interrogatories and production requests on January 19, 1993. Defendants did not respond and, on March 24, 1993, the government filed a motion to compel. Although defendants finally provided signed discovery objections invoking the Fifth Amendment on May 24, 1993,[3] they neglected to oppose the government's motion to compel and, thus, never asserted and substantiated their constitutional position to the magistrate judge.[4] The uncontested motion was granted three days later. Citing defendants' procedural nonfeasance, the magistrate judge entered an order directing defendants to provide full discovery responses within twenty days.
 
 
 8
 Defendants did not seek district court reconsideration of the magistrate judge's adverse discovery order, as provided in 28 U.S.C. 636(b)(1)(A) and Fed.R.Civ.P. 72(a). This omission is particularly significant, as Rule 72(a) provides that "a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made." See Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir.1986)(court of appeals lacks authority to review magistrate judge's discovery order not challenged under Rule 72(a) in district court); see also Boyd Motors, Inc. v. Employers Ins., 880 F.2d 270, 271 (10th Cir.1989)(following Niehaus ).
 
 
 9
 Following the magistrate judge's rulings, defendants submitted a second set of discovery responses objecting in perfunctory fashion on Fifth Amendment grounds. At this point, the government moved for default judgment as a discovery sanction under Rule 37(b)(2)(C). The district court elected to impose a lesser, monetary sanction, though the court also specifically warned defendants that a continued failure to comply with their discovery obligations could result in the entry of default judgment in favor of the government.
 
 
 10
 Defendants did not provide any further discovery. Consequently, the government renewed its motion for default judgment. When defendants failed to oppose the renewed motion, the government filed a motion for default judgment as an uncontested matter, to which defendants, again, did not respond. Finally, the district court issued a thorough memorandum and order, in which it considered the various factors controlling the proper imposition of sanctions under Rule 37(b)(2) and concluded that "[i]n the circumstances, default judgment is a severe but appropriate sanction." App. doc. 15, at 6.
 
 
 11
 We concur fully in that conclusion. In our view, the conduct recited above amply justifies the sanction imposed. Furthermore, defendants' repeated, unexcused procedural omissions completely undercut their attempt to cast this case as one turning on a single tardy assertion of Fifth Amendment rights.
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 All citations to the Federal Rules of Civil Procedure relate to the rules in force during 1993, prior to the December 1, 1993 effective date of the latest amendments
 
 
 [3]
 One month earlier, defendants had served an unsigned set of discovery responses, in clear violation of the requirements of Fed.R.Civ.P. 26(g) and 33(a)
 
 
 [4]
 Defendants moved, on April 12, 1993, for a blanket protective order indiscriminately barring all discovery "because of a[ ] [criminal] investigation ... arising from the same facts as the instant case," Appellants' Appendix (App.) doc. 4, but the motion did not mention the Fifth Amendment, let alone allege how the extant discovery requests implicated the privilege. The affidavit accompanying the motion noted counsel "ha[d] advised defendants to assert their privilege against self-incrimination to all interrogatories that have been propounded to them," id. doc. 5, but a statement of counsel's "advice" is obviously not the equivalent of a party's personal and affirmative invocation of the privilege. See generally United States v. Schmidt, 816 F.2d 1477, 1481 n. 3 (10th Cir.1987)(Fifth Amendment creates personal privilege, which, accordingly, cannot be invoked by counsel but must be interposed personally by party). Thus, the motion was properly denied "for failure to show good cause for a complete stay of discovery," without any consideration of constitutional concerns. App. doc. 6