STARLIGHT INTERNATIONAL,
INC., Plaintiff,

v.

Joseph B. HERLIHY, Jr.,
et al., Defendant.

Civ.A. No. 97–2329–GTV.

United States District Court,
D. Kansas,
Kansas City Division.

Aug. 20, 1998.

Stanley D. Davis, Sean W. Colligan, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Eric Alan Kuwana, Charles E. Talisman, David A. Colodny, Michael T. Wood, Ronald S. Liebman, Patton Boggs, L.L.P., Washington, DC, for Plaintiff.

Robert H. Gardner, Mark D. Murphy, R. Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS, Gregory L. Lyons, Moss & Rocovich, Roanoke, VA, Thomas E. Ruzicka, Norton, Hubbard, Ruzicka & Kreamer, L.C., Olathe, KS, for Defendants.

David J. Dawes, Belgium, pro se.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration Plaintiff's Motion to Compel Responses to Plaintiff's First, Second and Third Set of Interrogatories and First Set of Requests for the Production of Documents (doc. 122). Pursuant to Fed.R.Civ.P. 37(a)(2)(B) and (a)(3), plaintiff seeks to compel defendants 21st Century Enterprises Limited (21st Century), The Miller Group a.k.a. The Miller Group/21st Century Enterprises Limited (Miller Group), Joseph B. Herlihy, Jr. (Herlihy), and Alan J. Bruce (collectively referred to as Miller Group Defendants) to fully answer in verified form the First, Second, and Third Sets of Interrogatories propounded upon them. Plaintiff further seeks an order to

compel the Miller Group Defendants to produce all documents responsive to its First Requests for Production of Documents and all documents previously withheld on grounds of privilege or produce a complete privilege log listing such documents. It further seeks its reasonable costs and expenses incurred in making its motion to compel. The Miller Group Defendants oppose the motion.

■ As a preliminary matter, the court addresses the propriety of all the briefing received in relation to the motion. The parties appropriately filed the motion with supporting memorandum, a memorandum in opposition (the response), and a reply memorandum in support (the reply). Defendants then filed a "Surreply" and plaintiff a "Second Reply." The Rules of Practice of the United States District Court for the District of Kansas do not authorize post-reply briefs. *See* D.Kan.Rule 7.1. A party desiring to file one must obtain leave of the court. *See McShares, Inc. v. Barry,* 979 F.Supp. 1338, 1341 (D.Kan.1997). Leave is reserved for "rare circumstances," such as when new arguments are raised in the reply. *Id.* The general rule against surreplies and other post-reply briefing fairly and reasonably assists "the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *Id.* The briefing here at issue exemplifies the need for the general rule. Each side wants to have the last word. At some point briefing must cease. The court declines to consider either the surreply of the Miller Group Defendants or the "Second Reply" of plaintiff. The parties should refrain from filing such items without leave of court.

Before turning to the issues raised in the permissible briefing, some background information appears necessary. On November 24, 1997, plaintiff served its First Set of Interrogatories and First Request for Production of Documents upon the Miller Group Defendants. (Cert. of Serv., doc. 71.) On December 5 and 17, 1997, it respectively served its Second and Third Sets of Interrogatories upon them. (Certs. of Serv., docs. 75 & 82.) The court granted them until Febru-

ary 23, 1998, to respond to the requested discovery. (Order of Mar. 11, 1998, doc. 111.) They served their responses on February 25, 1998. (*See* Certs. of Serv., docs. 103–06.) The responses to the interrogatories lacked verification of "the person making them," as required by Fed.R.Civ.P. 33(b)(2). (*See* Resps. to First, Second, & Third Sets of Interrogs., as attached as Exs. 1, 2, & 3 of Mem. in Supp. Pl.'s Mot. Compel, doc. 12 D3.)

Plaintiff wants verified responses to the interrogatories. The Miller Group Defendants contend that they provided the verification simultaneously with their response to the motion. They suggest the motion is moot as to the issue of verification. Plaintiff does not contest the suggestion. The court thus deems the issue moot.

■ Plaintiff suggests that the Miller Group Defendants have waived their objections by not timely responding to the interrogatories and requests for production. The Miller Group Defendants concede the general rule that untimely objections are waived. They suggest that good cause exists, however, to excuse their tardiness. They submit that their attorney mistakenly calendared the due date for their responses as February 27, rather than February 23, 1998, when they were due. They contend that the late responses were not an attempt to delay discovery. They assert that they voluntarily provided the responses without judicial intervention or request by plaintiff. Plaintiff suggests that they have shown no good cause for the untimely responses.

Fed.R.Civ.P. 33(b)(4) provides that untimely objections are "waived unless the party's failure to object is excused by the court for good cause shown." The same standard applies to requests for production under Fed.R.Civ.P. 34. *See Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 303 (D.Kan.1996).

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the

rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required.... ,

... "[G]ood cause" requires a greater showing than "excusable neglect." ...

*Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172, 175 (10th Cir.1996) (citations omitted).

"The 'good cause' standard primarily considers the diligence of the party" ... The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." The lack of prejudice to the nonmovant does not show "good cause."

*Deghand v. Wal–Mart Stores, Inc.,* 904 F.Supp. 1218, 1221 (D.Kan.1995) (citations omitted).

The Miller Group Defendants have shown no good cause for the failure to timely respond to the discovery of plaintiff. They proffer no reasonable basis for the lack of compliance before the deadline expired. They have shown nothing to indicate that, even with due diligence, they could not have reasonably met the deadline. They sought and obtained an extension to February 23, 1998, for responding to the discovery. Their proffered excuse shows nothing beyond carelessness, inadvertence, or mistake by counsel. Such showing does not constitute good cause for missing the deadline, particularly after the court had already granted defendants an extension of over thirty days beyond the original deadlines.

■ The court need not determine whether the Miller Group Defendants waived their objections based upon attorney-client privilege and work product. They failed to properly assert them. Their responses contain the following language regarding such objections: "The Miller Group Defendants object to all interrogatories [and requests] to the extent the information which is subject to the attorney/client privilege or which is Miller Group Defendants' work product is sought." They raise no objection premised on privilege in response to any particular interrogatory or request for production. The court has disapproved the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery. *See Cotracom Commodity Trading Co. v. Seaboard Corp.,* No. Civ.A. 97–2391–GTV, 1998 WL 231135, at *1 (D.Kan. May 6, 1998). It found such ostensible objections "worthless," except to delay discovery. It characterized them as "hypothetical or contingent possibilities." *Id.* The objecting party makes "no meaningful effort to show the application of any such theoretical objection" to any request for discovery. *Id.* The court declined to consider them as objections. *Id.* For the same reasons, the court finds that the responses of the Miller Group Defendants asserted no valid objection of work product or attorney-client privilege to the interrogatories and requests for production here at issue.

The court finds that the Miller Group Defendants have waived their other objections by failing to timely respond to the requested discovery. Fed.R.Civ.P. 33(b)(4) clearly enunciates the repercussions which may flow from a failure to timely object. Case law has made the same consequences applicable to requests propounded under Fed.R.Civ.P. 34. *See Pulsecard, Inc.,* 168 F.R.D. at 303. The Miller Group Defendants have shown no good cause for the tardiness of their responses. In the absence of good cause the objections are waived.

■ A party may waive an objection, grounded in privilege, by untimely asserting it, under Fed.R.Civ.P. 33 and 34. Rule 33(b)(4) makes no distinction by type of objection. In the absence of good cause to excuse a failure to timely object, all objections not timely asserted are waived. The same principles apply to requests for production under Rule 34. *See Pulsecard, Inc.,* 168 F.R.D. at 303.

The Tenth Circuit Court of Appeals has indicated in *dictum,* however, that "no clear line of authority" exists with regards to whether the privilege against compulsory self-incrimination is subject to waiver simply

for untimely assertion. *United States v. A & P Arora, Ltd.*, 46 F.3d 1152, No 93–3390, 1995 WL 18276, at *1 (10th Cir. Jan. 18, 1995) (Table, text on Westlaw). The privilege, however, is generally not self-executing. *Minnesota v. Murphy*, 465 U.S. 420, 427–28, 434, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984); *Estelle v. Smith*, 451 U.S. 454, 475, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (concurring opinion); *Jenkins v. Anderson*, 447 U.S. 231, 244 n. 6, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (concurring opinion); *United States v. Rogers*, 921 F.2d 975, 979 (10th Cir.1990). The Supreme Court of the United States has stated in *dictum*, furthermore, that the privilege may be "lost by not asserting it in a timely fashion." *Maness v. Meyers*, 419 U.S. 449, 466, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975).

The issue remains as to whether the court should enforce the waiver as to the privilege against self-incrimination. The court has discretion to consider the merits of objections of privilege, even if untimely. *See Smith v. MCI Telecomms. Corp.*, 124 F.R.D. 665, 686 (D.Kan.1989); *Mike v. Dymon, Inc.*, No. Civ.A. 95–2405–EEO, 1996 WL 674007, at *10 (D.Kan. Nov. 14, 1996). In response to the discovery defendants Herlihy and Bruce (individual defendants) assert, "upon advice of criminal counsel ... their respective rights under K.S.A. Const. Bill of Rights, § 10, U.S.C.A. Const. Amend. 5, and the laws of England against compelled self-incrimination." Unlike the assertions of the attorney-client privilege and work product, the assertion of the privilege against self-incrimination is not contingent upon its applicability to the specific requests for discovery. Plaintiff has agreed, furthermore, that the individual defendants need not parrot the objection in response to each interrogatory or request for production. The individual defendants undoubtedly object to each request for discovery on the basis of a privilege against self-incrimination.

■ Although the privilege against self-incrimination is subject to waiver by untimely assertion, the court has discretion to disregard an unintentional waiver and consider the objection on its merits. Because a Constitutional privilege is at issue, the court will require more than shown here to enforce a waiver. The individual defendants missed a deadline by two days. The tardiness is attributable solely to the inadvertence or mistake of counsel. Although the excuses proffered demonstrate no good cause for the delay, they also reveal no intentional wrongdoing. Defendants Herlihy and Bruce did assert their privileges against self-incrimination in their responses to the interrogatories and requests for production. The court declines to premise waiver of a right under the Fifth Amendment on the mere inadvertence or mistake of counsel, which resulted in a relatively brief two-day delay. In a civil action courts must "jealously guard" the Fifth Amendment privilege against self-incrimination as though the action were criminal in nature. *Thomas v. Tyler*, 841 F.Supp. 1119, 1124 (D.Kan.1993).

■ All or at least much of the requested discovery appears non-incriminating. The court will, nevertheless, direct defendants Herlihy and Bruce to produce a privilege log in accordance with Fed.R.Civ.P. 26(b)(5). It must adequately demonstrate the applicability of the privilege against self-incrimination to each particular interrogatory and request for production. When drafting the privilege log, furthermore, they should remain mindful that the privilege against self-incrimination does not protect one from producing documents, unless the *act of production* itself could operate to incriminate the producer. *See Braswell v. United States*, 487 U.S. 99, 102–04, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988); *Thomas v. Tyler*, 841 F.Supp. 1119, 1130 (D.Kan.1993). An individual, moreover, "may not invoke the Fifth Amendment privilege to avoid producing the documents of a corporation or other collective entity that are in his custody, even if his act of producing those documents might be personally incriminating." *Thomas*, 841 F.Supp. at 1128; *see also, Braswell*, 487 U.S. at 111–12, 108 S.Ct. 2284.

The court deems all objections, other than the aforementioned privilege against self-incrimination, waived. Accordingly, the Miller Group Defendants shall produce all documents in their *possession, custody, or control* which are responsive to the requests for production. They have the requisite control,

if they have the legal right to obtain the documents on demand. *Wardrip v. Hart,* 934 F.Supp. 1282, 1286 (D.Kan.1996); *National Union Fire Ins. Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 566 (D.Kan.1994). They shall fully answer the interrogatories in accordance with governing case law that "[k]nowledge of officers and agents 'is imputed to the corporation itself' " for purposes of responding to discovery. *See Casson Constr. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 381 (D.Kan.1980) (quoting *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1210 (8th Cir.1973)); *see also, In re Independent Serv. Organizations Antitrust Litig.,* 168 F.R.D. 651, 653 (D.Kan.1996). If they choose to rely upon Fed.R.Civ.P. 33(d) and produce business records *in lieu* of answering, they shall fully comply with the requirements of that rule. *See Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 304–05 (D.Kan.1996) (delineating requirements of Rule 33(d)).

For the foregoing reasons, the court sustains in part, deems moot in part, and otherwise overrules Plaintiff's Motion to Compel Responses to Plaintiff's First, Second and Third Set of Interrogatories and First Set of Requests for the Production of Documents (doc. 122). The motion is moot as to requiring a verified signature for the interrogatories. Within fifteen days of the date of this order, defendants 21st Century Enterprises Limited and The Miller Group a.k.a. The Miller Group/21st Century Enterprises Limited shall provide full supplemental answers under oath to the interrogatories and produce all documents responsive to the requests for production, as directed herein. Within that same time frame, defendants Joseph B. Herlihy, Jr. and Alan J. Bruce shall do likewise or provide a privilege log in accordance with Fed.R.Civ.P. 26(b)(5) to demonstrate the applicability of the privilege against self-incrimination. All production herein ordered shall take place at the offices of counsel for plaintiff located at 1201 Walnut, Kansas City, Missouri or at any other location agreed upon by the parties. The motion is otherwise overruled. Each party shall be responsible for its own costs and expenses incurred on the motion and subsequent briefing.

IT IS SO ORDERED.