**In re INDEPENDENT SERVICE ORGANIZATIONS ANTITRUST LITIGATION.**

**This Document Applies To All actions.**

**Civil Action No. MDL–1021.**

United States District Court, D. Kansas.

Aug. 1, 1996.

Eric D. Braverman, Employers Reinsurance Corporation, Overland Park, KS, P. John Owen, Lori R. Schultz, Morrison & Hecker, Kansas City, MO, Michael C. Manning, Morrison & Hecker, Phoenix, AZ, for CSU Holdings Inc., Case Number: 94–2102–EEO, Copier Services Unlimited, Inc., Case Number: 94–2102–EEO, Copier Service Unlimited of St. Louis, Inc., Case Number: 94–2102–EEO–USDC for the District of Kansas.

James A. Hennefer, San Francisco, CA, Maxwell M. Blecher, for Acquisition Specialists, Inc., Tecspec, Inc., Consolidated Photo Copy, Inc., Copier Rebuild Center, Inc., CPO Ltd., Gradwell Company, Inc., Graphic Corporation of Alabama, International Business Equipment, Inc., Laser Resources, Inc., Laser Resources of Minnesota, Inc., Laser Solutions, Inc., Laser Support and Engineering, Inc., Marathon Copier Service, Inc., Nationwide Technologies, Inc., Reprographics Resources Systems, Inc., Suntone Industries, Inc., Technical Duplication Services, Inc., X–Tech Systems Inc., Xer–Dox Inc., Xerographic Copies Services, Inc., a Texas corporation. Case Number: 94–1285—USDC for the Northern District of California. 94–2502 USDC for the District of Kansas.

James A. Hennefer, San Francisco, CA, for Resources Systems, Inc., an Iowa corporation. Case Number: 94–1285—USDC for the Northern District of California. 94–2502 USDC for the District of Kansas.

Peter K. Bleakley, Arnold & Porter, Washington, DC, Peter W. Marshall, Xerox Corporation, Stamford, CT, Michael G. Norris, Norris, Keplinger & Logan, L.L.C., Overland Park, KS, C. Larry O'Rourke, E. Robert Yoches, Vincent P. Kovalick, Leslie I. Bookoff, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, for Xerox Corporation, Case Number 94–2102–EEO–USDC for the District of Kansas and Case Number 94–1285 USDC for the Northern District of California.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on motions by defendant Xerox Corporation for sanctions (Doc. # 292) and for a protective order (Doc. # 286). After brief oral argument at the July 23, 1996, status conference, and careful consideration of the parties' briefs, the court is now prepared to rule. For the reasons set forth below, defendant's motion for sanctions will be granted in part and the motion for a protective order will be granted.

### Motion for Sanctions

Xerox alleges that the CSU plaintiffs have failed and refused to reveal information about their parts sources and have otherwise abused the discovery process in this area in the following four respects: (1) failing to disclose information under Federal Rule of Civil Procedure 26(a); (2) deliberately altering documents; (3) refusing to provide interrogatory responses; and (4) obstructing Xerox's depositions. CSU denies the allegations of misconduct and responds that it has, in good faith, supplied all information it has in its possession, either on initial disclosure or by supplementation.

Xerox urges the court to sanction CSU pursuant to Federal Rule of Civil Procedure 37(c) by precluding CSU from presenting evidence at trial that CSU lawfully obtained any disks containing Xerox 5090 software. Xerox also asks that CSU be prohibited from presenting evidence of alleged disparaging statements by Xerox that CSU received or used stolen parts, including stolen software.

■ Exclusion of evidence is a severe sanction because it implicates due process concerns. *See, e.g., Cal Dive Intern., Inc. v. M/V TZIMIN,* 127 F.R.D. 213, 215 (S.D.Ga. 1989) (denial of the right to present relevant evidence should be imposed with caution, sanctions should be limited to the least destructive form). Nevertheless, Federal Rule of Civil Procedure 37(c)(1) authorizes a variety of sanctions for failure to disclose information and supplement disclosures (as required by Rules 26(a) and 26(e)(1)), including exclusion of evidence, requiring payment of reasonable expenses and attorney's fees, and "other appropriate sanctions."

Xerox's primary complaints involve the alleged redaction of serial numbers from copyrighted Xerox software and the identity of a Xerox employee who provided a CSU employee, Tim Townsend, with Xerox copyrighted software. Although many of Xerox's other allegations of misconduct seem to stretch the record somewhat, these two areas do cause the court concern.

■ CSU asserts that it has investigated and fully disclosed all it knows about the alleged redactions of serial numbers from the photocopied software disks which were copied and produced to Xerox. However, Mr. Watkins' Rule 30(b)(6) deposition indicates that CSU has not exhaustively investigated the alleged redactions and that there are numerous CSU employees who may have information about the redactions, but with whom Watkins did not speak. Xerox's assertion that the redactions had to occur at CSU (because the actual disks were ultimately produced with non-redacted serial numbers) is convincing. CSU cannot meet its discov-

ery obligations by sticking its head in the sand and refusing to look for the answers and then saying it does not know the answer. Xerox is entitled to a more thorough investigation and attempt to comply than it appears CSU has made to date.

In addition, CSU's weak and unsupported assertion that redaction "is not alteration of evidence" is contrary to common sense and the law. *See Shepherd v. American Broadcasting Co.,* 62 F.3d 1469 (D.C.Cir.1995) (erasure is alteration of evidence).

■ CSU's response on the issue of the identity of Townsend's software source within Xerox is similarly troubling. Despite the instruction of CSU's counsel to Townsend to answer the question, Townsend refused to reveal the name at his deposition. CSU seems to argue that its only obligation was to direct Townsend to answer during his deposition and when Townsend refused, CSU had done all that it was required to do. CSU apparently overlooks the fact that Townsend's knowledge is imputed to CSU. *See Casson Constr. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 381 (D.Kan.1980). Thus, CSU had an affirmative obligation under Rule 26(a)(1) and 26(e) to timely provide the name of Townsend's source to Xerox.[1]

■ CSU complains that because Xerox did not follow up on this point, the instant motion for sanctions is overreaching. We agree to a certain extent. We acknowledge that Xerox is not required to propound additional discovery to gain CSU's compliance with its discovery obligations. However, sanctions under Rule 37(c) require that the nondisclosure not be harmless. In other words, Xerox must be prejudiced by the alleged nondisclosures.

■ We simply do not believe that CSU's alleged violations warrant the extreme sanction of outright exclusion of evidence, as is presently requested by Xerox. First, it is impossible on the present record to determine whether or not CSU is withholding relevant evidence, or is simply unable to obtain the information Xerox seeks. Second,

---

1. Any good faith concerns of Townsend or CSU about retribution against the source by Xerox can be adequately addressed by designating the infor-

mation as "highly confidential" in accordance with the March 9, 1995 protective order.

the prejudice to Xerox at this point is minimal and can be remedied with less severe sanctions.

Accordingly, CSU will be required to produce the names of all individuals with knowledge of the redaction of serial numbers from software disks and all software sources (including Townsend's source) within ten (10) days from the date of the entry of this order. If, after exhaustive investigation, CSU has not found or cannot obtain additional information, it shall file an affidavit, together with any supporting documentation, fully setting forth the reasons for its noncompliance. CSU will be held to these representations at trial. CSU is forewarned that the court will not tolerate trial by ambush. Any attempt by CSU to introduce evidence at trial which has not been fully and adequately disclosed to Xerox during discovery will not be permitted.

Xerox's request for an award of attorney's fees and costs associated with its motion for sanctions will be held in abeyance until final resolution of this motion.

*Xerox's Motion for a Protective Order (Doc. # 286)*

■ On April 12, 1996, plaintiff CCS served Xerox with a Rule 30(b)(6) deposition notice requesting that Xerox produce a corporate witness to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims. Xerox refused to comply with the request and filed the instant motion for a protective order preventing CCS from requiring Xerox to produce 30(b)(6) witness(es) for deposition as requested by CCS. Xerox contends that CCS's Rule 30(b)(6) deposition notice is overbroad, unduly burdensome, and seeks duplicative discovery. Xerox also asserts that it designates matters inappropriate for Rule 30(b)(6) purposes, i.e., attorney work product, legal opinions or conclusions, and expert testimony. We agree.

Although we have no quarrel with CCS's contention that it has a right to discover the facts upon which Xerox will rely for its defense and counterclaims, CCS's attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege concerns, and potential problems with confidential information under our earlier protective order.

■ Even under the present-day liberal discovery rules, Xerox is not required to have counsel "marshal all of its factual proof" and prepare a witness to be able to testify on a given defense or counterclaim. We find the reasoning of the court in *United States v. District Council of New York City*, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *15 (S.D.N.Y. August 18, 1992), particularly apropos:

> [T]o provide the information defendants seek would in effect require the Government to marshal all of its factual proof and then provide it to [the 30(b)(6) designate] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information....

This reasoning is especially true where the information appears to be discoverable by other means. *E.E.O.C. v. HBE Corp.*, 157 F.R.D. 465, 466–67 (E.D.Mo.1994).

Xerox has met its burden of demonstrating good cause for the protective order as required by Federal Rule of Civil Procedure 26(c). In its present form, the court finds CCS's Rule 30(b)(6) deposition notice overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information. CCS has not shown substantial need to obtain the information via the broad Rule 30(b)(6) deposition notice at issue here. Xerox offered a reasonable compromise by agreeing to provide CCS with a summary of the underlying facts supporting Xerox's allegations and defenses, but CCS rejected the offer. CCS has simply failed to convince the court that the factual information it seeks cannot be discovered by other less problematic means, or that it is not already available in the voluminous discovery previously conducted in this and the *R & D* case. Accordingly, Xerox's motion for a protective order will be granted and Xerox will not be required to produce any Rule 30(b)(6)

witnesses in response to CCS's deposition notice dated April 12, 1996.

IT IS THEREFORE ORDERED that Xerox's motion for sanctions (Doc. # 292) is granted in part as set forth herein.

IT IS FURTHER ORDERED that Xerox's motion for a protective order (Doc. # 286) is granted.