**METHODE ELECTRONICS, INC., and Stratos Lightwave, Inc., Plaintiffs,**

v.

**FINISAR CORPORATION, Defendant.**

No. 00–CV–20985JF(RS).

United States District Court,
N.D. California,
at San Jose.

Nov. 21, 2001.

Joseph N. Hosteny, Arthur Anthony Gasey, Paul Christopher Gibbons, Niro, Scavone, Haller & Niro, Chicago, IL, Thomas F. Smegal, Jr., Stephen M. Lobbin, Knobbe, Martens, Olson & Bear, LLP, San Francisco, CA, for Plaintiffs.

James Pooley, Ian Fineberg, Gabriel P. Kralik, Amanda Groves, Gray, Cary, Ware & Freidenrich, David R. Owens, Dion M. Bergman, Pennie & Edmonds, LLP, Palo Alto, CA, for Defendant.

## ORDER RE DEFENDANT'S MOTION FOR PROTECTIVE ORDER CONCERNING THE DEPOSITION OF JERRY RAWLS, AND PLAINTIFFS' CROSS–MOTION (Docs.154, 169)

SEEBORG, United States Magistrate Judge.

### INTRODUCTION

Defendant Finisar Corporation ("Finisar") has moved for a protective order to preclude Plaintiff Stratos Lightwave, Inc.[1] ("Stratos") from inquiring into certain subjects in the deposition of a Finisar witness. Stratos has opposed and filed a cross-motion, seeking an order directing the Finisar witness to answer the challenged questions, and requesting that the form of counsel's objections be limited. Based upon the briefs of the parties and oral argument conducted on November 21, 2001,

---

1. Stratos is co-plaintiff and successor-in-interest to Plaintiff Methode Electronics, Inc. ("Methode").

2. There is some merit to Finisar's contention that Stratos' cross-motion was incorrectly noted un-

Finisar's Motion for Protective Order is DENIED and Stratos' Cross–Motion is GRANTED in part and DENIED in part.

### BACKGROUND

On October 3 and 4, 2001, Stratos deposed Jerry Rawls, the President and CEO of Finisar. In the course of the deposition, Finisar's counsel interposed numerous objections, and on nine occasions directed Mr. Rawls not to answer questions. Finisar contends that some of Stratos' questions were improper in that "[d]epositions are not an appropriate means to ascertain the bases for a party's contentions in a lawsuit." Motion for Protective Order at 7. Finisar moves for a protective order, directing:

> that Mr. Rawls need not answer (1) the questions located on page 47, line 20 and page 48, lines 19–23 of the October 3, 2001 rough draft transcript for the deposition of Mr. Rawls (asking Mr. Rawls to identify facts that support Finisar's claim for inventorship of the patent-in-suit); and (2) the questions located on page 205, lines 11–13 and page 206, lines 3–5 of the October 3 rough draft transcript (asking Mr. Rawls to explain the basis for Finisar's claim of patent ownership under a 1993 Agreement executed by the parties).

*Id.*, at 10. Stratos has filed opposition and a cross-motion,[2] contending that Finisar's objections are inappropriate, and requesting that Mr. Rawls be directed to respond fully to the questions asked.

### STANDARD

The federal rules limit the manner in which objections may be made during a deposition. Under the Federal Rules of Civil Procedure, Rule 30(d)(1),

> Any objection during a deposition must be stated concisely and in a non-argumentative manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

---

der the amended local civil rules, but in the interests of prompt resolution of all issues arising out of the Rawls deposition, Stratos' cross-motion shall be evaluated on its merits.

limitation directed by the court, or to present a motion under Rule 30(d)(4).

Rule 30(d)(4) authorizes motions for protective order "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party . . . ." Upon such a showing, the court "may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)." Under Fed.R.Civ.P. 26(c),

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> . . . .

■ A party seeking to limit discovery must make a "strong showing" for limitation, and a particular and specific need for the protective order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Ca.1990).

## DISCUSSION

### A. *Finisar's Motion for a Protective Order*

■ Finisar notes that in *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275 (N.D.Ca.1991), the court held a party seeking details of "contentions made and positions taken" by a corporate party could be precluded from such examination in a deposition taken under Fed.R.Civ.P. 30(b)(6). The court in *McCormick–Morgan* held that in a complicated patent action, a 30(b)(6) deponent could not be expected to present orally "a fully reliable and sufficient-

ly complete account of all the bases for the contentions made and positions taken" by the corporate party. *Id.*, at 286. Further, a 30(b)(6) deponent, as a non-lawyer, would be "ill-equipped to reason reliably about the legal implications" of the relationship between the products at issue, their components, and the various claims of the patent in suit or of other patents or prior art. *Id.*, at 287. "Patent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law." *Id.* The *McCormick–Morgan* court held that in such circumstances, the factual contentions underpinning a patent infringement claim would be more accurately and fairly derived through contention interrogatories. *Id.*

Finisar notes that a similar holding was reached in *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America*, 1992 WL 208284, *15–16 (S.D.N.Y. 1992). However, the *District Council* decision was concerned largely with the issue of privileged information:

> [D]efendants are seeking information from an attorney's agent/investigator which, in this context, has been determined to be not properly discoverable because it constitutes work product. While the District Council certainly has the right to discover relevant factual information, as set forth above, those facts have not been concealed by the Government. They are available in the documents provided and through depositions of fact witnesses who were named as having relevant information. Moreover, for [30(b)(6) deponent] Agent Worsham to provide the information defendants seek would in effect require the Government to marshal all of its factual proof and then provide it to Agent Worsham so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information . . . .

*Id.* The other authorities cited by Finisar are similarly distinguishable from the non–30(b)(6) deposition at issue here. In *In re Independent Service Organizations Anti-*

*trust Litigation,* 168 F.R.D. 651, 654 (D.Kan. 1996), the court found the deposing party's attempt to discover [facts supporting contentions made and positions taken] through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. *It also implicates serious privilege concerns, and potential problems with confidential information under our earlier protective order.*

(Emphasis added.) Relying upon *District Council,* the *Independent Service Organizations* court held that requiring corporate counsel "to 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim" would be "highly inefficient and burdensome," less efficient than contention interrogatories. *Id.* In *Smithkline Beecham Corp. v. Apotex Corp.,* 2000 WL 116082, *9 (N.D.Ill.2000), the court noted that where such preparation would be unduly burdensome, "the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim." However, the court's ruling also relied upon the privilege issues implicated in the questioning. "As Defendants are aware, answering requests for production and interrogatories customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege...." *Id.*

Mr. Rawls was deposed in his individual capacity and not as a corporate deponent under Rule 30(b)(6). None of the four questions for which a protective order is sought implicates issues of privilege. At page 47 of the rough draft transcript of Mr. Rawls' deposition (Attachment to Declaration of Gasey), Stratos' counsel asked Mr. Rawls "[W]hat facts supporting Finisar's claim of inventorship [ ] are not mentioned in Mr. Levinson's declaration?" Finisar's counsel directed that Mr. Rawls not answer the question, objecting that "[Y]ou're trying to get contention interrogatories answered through this process ...." *Id.,* at 48. Also at page

48, Stratos' counsel further inquired what facts not contained in Levinson's declaration [3] supported "Finisar's claim of invention of the patent in suit ...?" Finisar's counsel again instructed Mr. Rawls not to answer. Later, counsel for Stratos asked Mr. Rawls about his understanding of one paragraph of the licensing agreement between Stratos and Finisar. At page 205 of the rough draft, counsel was asked whether he believed that Paragraph 5 of the licensing agreement would prevent Finisar "from having any rights to use" technology developed between the participating companies. At page 206, counsel for Stratos inquired of Mr. Rawls how he viewed patent rights as differing from technology rights under the licensing agreement. In both instances, Finisar's counsel directed Mr. Rawls not to answer, stating that he would be seeking a protective order.

Finisar fails to make a strong showing that these specific avenues of questioning were likely to oppress the witness or Finisar. There is no showing that the questions involved are unduly burdensome to answer, implicated privileged information, or could improperly be used to the detriment of Finisar's legal position in this action. Finisar's Motion for Protective Order is denied.

### B. *Stratos' Cross–Motion to Compel*

In its cross-motion, Stratos challenges Finisar's instructions to Mr. Rawls not to respond to several other questions and Finisar's tactics in making objections. Stratos estimates that the draft transcript records some 943 objections made in the course of Mr. Rawls' deposition. (Gasey Decl., ¶ 3.) Stratos characterizes the conduct of opposing counsel as amounting to "incessant coaching and harassing." Response and Cross–Motion at 2. In particular, Stratos seeks a ruling that instructions not to answer by Finisar's counsel on eight other occasions were improper. In its Reply, Finisar contends that counsel's instructions not to answer in these remaining eight occasions were necessary to protect attorney-client privilege or attorney work product immunity.

---

**3.** These questions pertain to a declaration of Levinson filed in support of Finisar's opposition to

Plaintiffs' Motion for Summary Judgment filed in this case.

■ The attorney-client privilege extends to *communications* between client and attorney for the purpose of obtaining legal advice. *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir.2001). It does not cover the fact (or not) of whether one sought legal advice. It was inappropriate for Finisar's counsel to direct Mr. Rawls not to answer such foundational questions. Finisar's counsel instructed Mr. Rawls not to answer questions about whether he had sought legal advice after receiving a draft patent application by Methode, had sought legal advice about the patentability of his pluggable transceiver module, had sought legal advice in connection with Methode's allegations of infringement, had sought legal advice about the draft application disclosure, and had sought legal advice as to whether Finisar owned patents that Methode was trying to license. Each of these questions were foundational in nature, did not require the disclosure of any legal advice sought or provided, and accordingly did not implicate the privilege.

■ At page 13 to 14 of the second volume of the draft transcript, Mr. Rawls was asked whether he or anyone at Finisar ever conducted any analysis as to the validity of the patents asserted against Finisar by Methode. Asserting attorney-client privilege, Finisar's counsel instructed him not to answer, although Mr. Rawls admitted in response to the following question that no one at Finisar was a lawyer. *Id.* Given that fact, it is hard to say how the question about whether anyone at Finisar conducted a patent validity analysis was protected by the attorney client privilege. Finisar's objection to this question was not proper.

■ At pages 78 to 82 of the second volume of the draft transcript, Mr. Rawls was asked about Mr. Levinson's analysis of whether Methode's products infringed on Finisar's patents. Counsel instructed him not to answer, noting that Mr. Levinson's analysis might have been guided by discussions with counsel. *Id.* at 82. Stratos' counsel then failed to ask any foundational questions, and moved on to other topics. As the questions stood, Finisar's counsel's assertion of work-product immunity in this instance was appropriate and will be sustained.

■ Finally, at page 84 to 85, Mr. Rawls was asked a rather confusing question that arguably sought to know whether he had asked an attorney to advise Methode that it must discontinue manufacture of products infringing on Finisar's patents. Finisar's counsel's objection on the basis of attorney-client privilege is reasonable.

Beyond these eight express instances of alleged misconduct, Stratos alleges that the great number of Finisar's objections was unduly disruptive to the course of the deposition. Accordingly, Stratos requests that the Court enter the following global deposition rules:

> (1) The only bases for instructing a witness not to answer would be an instruction based upon attorney-client privilege or work product;
>
> (2) The only proper form for any objections not involving an instruction not to answer would be "objection to form."

Response and Cross–Motion at 11. While agreeing that some moderation as to the making of objections may be appropriate, the Court finds that the guidelines of Rule 30(d)(1) adequately frame the duties of objecting counsel, and will not enter additional rules for the making of objections.

Based on the above,

(1) Finisar's Motion for a Protective Order Concerning the Deposition of Jerry S. Rawls is DENIED.

(2) Stratos' Cross–Motion is GRANTED in part and DENIED in part. In further deposition of Mr. Rawls, Finisar's objections are overruled as to all but the questions contained at pages 78 to 82 and 84 to 85 of the second volume of the draft transcript as discussed above.

(3) The deposition of Mr. Rawls shall be resumed at a time mutually convenient for the deponent and counsel for the exclusive purpose of putting to the deponent the questions addressed by this order and any reasonable follow-up questions.

IT IS SO ORDERED.